# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCOTT KINDRED,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KIMBERLY MENNINGER, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00255-DAD-BAM<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(Doc. No. 2)<br><br>SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT<br><br>(Doc. No. 1)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff Richard Scott Kindred ("Plaintiff"), a detainee at Coalinga State Hospital proceeding pro se, initiated this civil action on February 20, 2020. (Doc. No. 1) Concurrent with his complaint, Plaintiff filed an application to proceed in forma pauperis. (Doc. No. 2.)

**I.　Application to Proceed in Forma Pauperis**

Plaintiff has requested leave to proceed in forma pauperis pursuant to Title 28 of the United States Code section 1915(a). Plaintiff has made the showing required by section 1915(a), and accordingly, the request to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a).

///

1

## II. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## III. Plaintiff's Allegations

Plaintiff is a detainee housed at Coalinga State Hospital. He names the following defendants: (1) Kimberly Menninger, Superior Court Judge, Central Division, Santa Ana, California; (2) California District Attorney, Central Division, Santa Ana, California; (3) Kenneth Allen Reed, Defense Attorney, Santa Ana, California; and (4) Wendy Luna, Litigation Coordinator, Coalinga State Hospital. Plaintiff contends that these defendants knowingly and willfully violated his right to liberty under the Fifth and Fourteenth Amendments to the United States Constitution on August 23, 2019, in Orange County Superior Court. He asserts improper psychological diagnosis and treatment and false incarceration.

> As to each individual defendant, Plaintiff alleges as follows:
>
> Defendant #1, Ms. Menninger, Superior Court Judge did ignore plaintiffs' constitution rights as well as the California State Law itself involving the matters in plaintiffs' Notice of Motions and Motions that were filed in her Court.
>
> …
>
> Defendant #2, California, District Attorney of Orange County, Central Division is/was liable to ensure that plaintiffs' rights were ensured specifically, in CA Welfare & Institution Code §6605(a) and Civil Code of Procedure §2032.530, Which guarantees every person who is under CA Welf. & Inst. Code §6600 et. seq., that he or she has the right to request for a Defense Evaluator to evaluate him/her annually and that if the individual cannot afford to pay for such service that said service will be provided to him.
>
> Defendant #3 Defense Attorney, Kenneth A. Reed of Orange County failed in his duties and obligations to properly defend plaintiff, which included to file Motions and/or to properly defend said motion to the best of his ability as appointed to plaintiffs' case to represent him.
>
> Defendant #4, Ms. Wendy Luna, Litigation Coordinator employed at the California Department of State Hospitals-Coalinga failed to note receiving service of Plaintiffs' Motions, specifically, the Notice of Motion and Motion, wherein Plaintiff requested a Court Order to Direct the California Department of State Hospital-Coalinga to assist plaintiff in obtaining a proper California Identification Card, which it has done for other patients at the hospital.

(Doc. 1 at 4, 7) (unedited text).

As relief, Plaintiff seeks compensatory and punitive damages, along with injunctive relief.

**IV. Discussion**

**A. Venue for Claims Arising in Orange County, California**

Plaintiff brings suit against Defendants Menninger, the Orange County District Attorney, and Reed for alleged conduct related to court proceedings in Orange County California. The proper venue for federal claims arising in Orange County is the Central District of California. Therefore, Plaintiff's claims against Defendants Menninger, the Orange County District Attorney, or Reed should have been filed in the United States District Court, Central District of California. 28 U.S.C. § 1391(b). Accordingly, the Court will not screen the claims against Defendants Menninger, the Orange County District Attorney and Reed.

Further, to the extent Plaintiff is attempting to assert unrelated claims against unrelated parties in a single action, he may not do so. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may

3

bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party. Thus, Plaintiff may not bring in one case all claims he has arising from different incidents involving different defendants. In other words, Plaintiff may not bring claims against Defendants Menninger, the Orange County District Attorney and Reed related to Plaintiff's detention/evaluation and a claim against Defendant Luna related to obtaining a California Identification Card. Unrelated claims involving multiple defendants belong in different suits. See George, 507 F.3d at 607.

### B. Federal Rule of Civil Procedure 8

As to Plaintiff's claim against Defendant Luna, that claim fails to comply with Federal Rule of Civil Procedure 8. Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557.

Although Plaintiff's complaint is short, it is not a plain statement of his claim against Defendant Luna. As a basic matter, the complaint does not clearly state what happened, when it happened, how Defendant Luna was involved or how her actions or inaction resulted in any harm. Plaintiff's conclusory statements are not sufficient to state a cognizable claim for relief. If Plaintiff files an amended complaint, it should be a short and plain statement of his claim, and must include factual allegations identifying what happened, when it happened and how the

4

defendant was involved. Fed. R. Civ. P. 8.

**C. Fifth and Fourteenth Amendments**

Although not entirely clear, it appears that Plaintiff is attempting to assert a discrimination claim against Defendant Luna by invoking both the Fifth and Fourteenth Amendments. Plaintiff's purported discrimination claim is secured by the Equal Protection Clause of the Fourteenth Amendment, not the Fifth Amendment, which prohibits unjustified discrimination by federal actors. See Consejo de Desarollo Economico de Mexicali, A.C. v. United States, 482 F.3d 1157, 1170 n. 4 (9th Cir. 2007) (Fifth Amendment's Due Process Clause subjects the federal government to constitutional limitations that are equivalent of those imposed on the states by the Equal Protection Clause of the Fourteenth Amendment). Accordingly, Plaintiff cannot state a Fifth Amendment claim.

To the extent Plaintiff is pursuing an Equal Protection claim against Defendant Luna, Plaintiff's complaint also fails to state a cognizable claim. The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dep't of Agr., 553 U.S. 591, 601–02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff has not adequately alleged that he was discriminated against because of his membership in a protected class or that he was intentionally treated differently from other similarly situated individuals. Plaintiff's conclusory allegations regarding his inability to secure a California Identification Card are not sufficient to state a plausible claim for violation of his Fourteenth Amendment rights. Plaintiff will be granted leave to amend this claim to cure the identified deficiencies.

### V. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8, 18 and 20 and fails to state a cognizable claim against Defendant Luna. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal; and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 2, 2020**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE